**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CRAFT BREW ALLIANCE, INC., DAVID R. LORD, TIMOTHY P. BOYLE, MARC J. CRAMER, PAUL D. DAVIS, MATTHEW E. GILBERTSON, KEVIN R. KELLY, NICKOLAS A. MILLS, JACQUELINE S. WOODWARD, ANHEUSER-BUSCH COMPANIES, LLC, and BARREL SUBSIDIARY, INC., ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 11, 2019 (the "Proposed Transaction"), pursuant to which Craft Brew Alliance, Inc. ("CBA" or the "Company") will be acquired by Anheuser-Busch Companies, LLC ("Parent"), a Delaware limited liability company, and Barrel Subsidiary, Inc. ("Merger Sub," and together with Parent, "ABC"). ABC and its affiliates hold approximately 31.2% of the outstanding shares of CBA common stock.

2. On November 11, 2019, CBA's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with ABC. Pursuant to the terms of the Merger Agreement, CBA stockholders will

receive $16.50 in cash for each share of CBA common stock they own.

3. On January 21, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for February 25, 2020.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of CBA common stock.

9. Defendant CBA is a Washington corporation and a party to the Merger Agreement. CBA's common stock is traded on the NASDAQ Global Select exchange under the ticker symbol "BREW."

10. Defendant David R. Lord is Chairman of the Board of the Company.

11. Defendant Timothy P. Boyle is a director of the Company.

12. Defendant Marc J. Cramer is a director of the Company.

13. Defendant Paul D. Davis is a director of the Company.

14. Defendant Matthew E. Gilbertson ("Gilbertson") is a director of the Company. Gilbertson is an employee of ABC.

15. Defendant Kevin R. Kelly is a director of the Company.

16. Defendant Nickolas A. Mills ("Mills") is a director of the Company. Mills is an employee of ABC.

17. Defendant Jacqueline S. Woodward is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware limited liability company and a party to the Merger Agreement.

20. Defendant Merger Sub is a Washington corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of CBA (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable. As of November 8, 2019, there were approximately 19,466,244 shares of CBA common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

28.  CBA is a leading craft brewing company that brews, brands, and brings to market world-class American craft beers.

29.  The Company's portfolio combines the power of Kona Brewing Company, a fast-growing national craft beer brand, with strong regional breweries and innovative lifestyle brands, including: Appalachian Mountain Brewery, Cisco Brewers, Omission Brewing Co., Redhook Brewery, Square Mile Cider Co., Widmer Brothers Brewing, and Wynwood Brewing Co.

30.  On November 11, 2019, CBA's Board caused the Company to enter into the Merger Agreement with ABC, which holds approximately 31.2% of the outstanding shares of CBA common stock.

31.  Pursuant to the terms of the Merger Agreement, CBA's stockholders will receive $16.50 in cash for each share of CBA common stock they own.

32.  According to the press release announcing the Proposed Transaction:

> Today, Craft Brew Alliance ("CBA") (Nasdaq: BREW), a Portland-based brewing company that creates world-class craft beers, and Anheuser-Busch ("A-B") jointly announced an agreement to expand their partnership, with A-B agreeing to purchase the remaining CBA shares it does not already own in a merger transaction for $16.50 per share, in cash. . . .
>
> A-B currently owns a 31.2 percent stake in CBA and has offered $16.50 in cash for the remaining shares.
>
> The transaction is subject to customary closing conditions, including approval by a majority of CBA's shareholders not affiliated with A-B and certain regulatory approvals.  The transaction is expected to close in 2020. . . .
>
> Goldman Sachs & Co. LLC is serving as financial advisor to CBA and Lazard is serving as a financial advisor to A-B. Wachtell, Lipton, Rosen & Katz is acting as legal counsel to CBA. Sullivan & Cromwell LLP is acting as legal counsel to A-B.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

33.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for February 25, 2020.

34.     As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

35.     First, the Proxy Statement omits material information regarding the process leading up to the execution of the Merger Agreement.

36.     The Proxy Statement fails to disclose the nature of the "number of strategic alternatives" explored by CBA in 2016.

37.     The Proxy Statement fails to disclose the Company's Chief Executive Officer Andrew J. Thomas's basis for "indicat[ing] that a price of at least $18 per share would likely be a value that CBA's senior management team would be prepared to recommend to the Committee."

38.     The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

39.     Second, the Proxy Statement omits material information regarding the Company's financial projections.

40.     The Proxy Statement fails to disclose: (i) all line items used to calculate (a) EBITDA and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

41.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion.

42. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; and (ii) Reasons for the Merger; Recommendation of the Board; Fairness of the Merger.

43. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and CBA

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. CBA is liable as the issuer of these statements.

46. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

47. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

48. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

49. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

50. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

51. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and ABC

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants and ABC acted as controlling persons of CBA within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of CBA and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants and ABC was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

56. By virtue of the foregoing, the Individual Defendants and ABC violated Section 20(a) of the 1934 Act.

57. As set forth above, the Individual Defendants and ABC had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

     D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

     E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

     F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 29, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 1220
    Wilmington, DE 19801
    Telephone: (302) 295-5310
    Facsimile: (302) 654-7530
    Email: bdl@rl-legal.com
    Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com